FILED
WILLIAMSON COUNTY

# STATE OF TENNESSEE
## SUMMONS



COPY

2010 APR 19 PM 1:31

ENTERED_____

## IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE

FRANKLIN AMERICAN MORTGAGE CORPORATION

**Plaintiff**

**Plaintiff**

vs.

DIRECTORS MORTGAGE, INC.

**Defendant**

**Defendant**

**Defendant**

CIVIL ACTION NO. 38123

Service By:
☐ Sheriff
☐ Attorney
☐ Sec. Of State
☐ Comm. Of Insurance

**To the above named Defendant:** DIRECTORS MORTGAGE, INC., C/O DAVID B. WILES, 510 SW 5TH AVE., 6TH FLOOR, PORTLAND, OREGON 97204

You are hereby summoned and required to serve upon MINDI ROBINSON, ESQUIRE plaintiff's attorney, whose address is SLATEN & O'CONNOR, P.C., 105 TALLAPOOSA STREET, SUITE 101 MONTGOMERY, ALABAMA 36104 , an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Elaine B. Beeler, Clerk and Master for said Court at office this 19 day of April , 20 10 .

D. Stev____

Clerk & Master

## NOTICE:

To the defendant(s): Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number, to: Clerk and Master, P.O.Box 1666, Franklin, TN 37065.

Atty

DEFT./WITNESS COPY

**EXHIBIT**

A

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Check one: (1) or (2) are for the return of an authorized officer or attorney; an attorney's return must be sworn to; (3) is for the witness who will acknowledge service and requires the witness's signature.

☐ 1.    I certify that on the date indicated below I served a copy of this summons on the witness stated above by _____

☐ 2.    I failed to serve a copy of this summons on the witness because _____

☐ 3.    I acknowledge being served with this summons on the date indicated below:

DATE OF SERVICE: _____

SIGNATURE OF WITNESS, OFFICER OR ATTORNEY: _____

Signature of Notary Public or Deputy Clerk: _____

Commission Expires: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case no. _____ to the defendant DIRECTORS MORTGAGE, INC. _____, on the _____ day of _____, 20 10 _____.
I received the return receipt, which had been signed by _____
on the _____ day of _____, 20 10 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.

_____
Signature

Sworn to and subscribed before me on this __ day of _____ 20_____.

Commission Expires: _____

_____
Signature of Notary Public or Deputy Clerk

## CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

Debra Stev~
CLERK & MASTER

IN THE CHANCERY COURT FOR
WILLIAMSON COUNTY, TENNESSEE

FRANKLIN AMERICAN MORTGAGE
COMPANY,

        Plaintiff,

v.

DIRECTORS MORTGAGE, INC.
an Oregon corporation;

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.: 38123

## COMPLAINT

COMES NOW Plaintiff Franklin American Mortgage Company (FAMC), by and through its undersigned counsel, and for its Complaint against the Defendant Directors Mortgage, Inc. (hereinafter "DMI"), sets forth and says as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is a Tennessee corporation with its principal place of business in Franklin, Williamson County, Tennessee.

2.    Defendant DMI is an Oregon corporation, with its principal place of business in Lake Oswego, Clackamas County, Oregon.

3.    Defendant DMI is engaged, among other things, in the business of mortgage lending, which includes the sale of residential mortgage loans originated by DMI to Plaintiff.

1

4.  This Court has personal jurisdiction over the parties hereto.

5.  Venue is proper in Williamson County, Tennessee.

6.  Defendant consents to jurisdiction and venue in Williamson County, Tennessee pursuant to the contract between the parties. (See **Exhibit A**).

7.  All conditions precedent to this action on the part of Plaintiff, if any, have been satisfied, waived, or are futile.

## GENERAL ALLEGATIONS

8.  FAMC hereby incorporates by reference the allegations set forth above as though the same were set forth here *in extenso*.

9.  In or around June, 2007, Plaintiff and Defendant entered into a Correspondent Loan Purchase Agreement ("Purchase Agreement"). A true and correct copy of the Loan Purchase Agreement is attached hereto as **Exhibit A**.

10. The Loan Purchase Agreement provides for sale of residential mortgage loans by Defendant (as "Seller") to Plaintiff (as "Buyer") under the terms and conditions set forth within the Agreement.

11. The Purchase Agreement also contains representations and warranties on the part of the Seller as to all Mortgage Loans sold to Plaintiff.

12. The Loan Purchase Agreement also imposes duties and obligations on the part of Seller in the event of breach of any of Seller's Representations as to Mortgage Loans, or any event of default by the Seller under the Agreement, which events of default include, but are not limited to, breach of any of the Seller's

2

representations and warranties with regard to any of the Mortgage Loans sold to Plaintiff and the corresponding Mortgage Loan file documents.

13.    Pursuant to the Loan Purchase Agreement, Seller is obligated to repurchase Mortgage Loans and indemnify Plaintiff (Buyer) for all losses associated with Mortgage Loans sold to Plaintiff under the terms and conditions set forth in the Loan Purchase Agreement and documents incorporated therein.

14.    Defendant DMI originated the following Mortgage Loan which was sold to the Plaintiff under the Loan Purchase Agreement ("the Mortgage Loan"):

| Loan Number | Borrower(s) | Property |
|---|---|---|
| Xxxxxx | Stephen Breuer | |

15.    Pursuant to the Purchase Agreement, and as a condition of loan purchase by the Plaintiff, Defendant made a number of specific representations and warranties concerning the Mortgage Loan and the Mortgage Loan File, including, but not limited to, that the Mortgage Loan met all agency and investor underwriting and purchase requirements. Exhibit A, Section 6.

16.    Pursuant to the Loan Purchase Agreement, Defendant, as Seller, agreed to repurchase Mortgage Loans from Plaintiff, Buyer, in the event the Mortgage Loan failed to comply with investor and FAMC underwriting guidelines and purchase requirements.

17.    After purchase of the Mortgage Loan from Defendant, an audit of the loan uncovered underwriting defects and deficiencies which rendered the

3

Mortgage Loan ineligible for purchase by FAMC and sale to a subsequent investor.

18.     Plaintiff timely notified Defendant of the discovery of defects and deficiencies in the underwriting of the Mortgage Loan, and demanded that Defendant repurchase the Mortgage Loan and/or indemnify Plaintiff's losses associated with the Mortgage Loan as required by the Loan Purchase Agreement. Exhibit A, Sections 8 and 10.

19.     Defendant failed and refused to honor its contractual obligation to Repurchase the Mortgage Loan, or indemnify the loan-related losses, within 30 days of Plaintiff's demand, as required by the Purchase Agreement.

20.     As a direct and proximate result of Defendant's underwriting defects and deficiencies and breach of the Mortgage Loan representations and warranties, Plaintiff was unable to sell the loan to its investor, thus obligating Defendant to re purchase the Mortgage Loan from Plaintiff.

21.     As a direct and proximate result of Defendant's breach of its contractual repurchase obligation to the Plaintiff, Plaintiff was forced to sell this loan to an alternate investor, which resulted in a substantial monetary loss to the Plaintiff.

22.     Defendant has breached its contractual obligation to indemnify Plaintiff for losses associated with the loan and Plaintiff has been substantially injured and damaged.

4

## CAUSE OF ACTION

## COUNT ONE —BREACH OF CONTRACT

23.  Plaintiff hereby adopts and incorporates by reference the allegations set forth in Paragraphs One (1) through Twenty-Two (22) above as though the same were set forth here *in extenso*.

24.  The Purchase Agreement between Plaintiff and Defendant constitutes a contract that is valid and binding upon Defendant DMI.

25.  As set forth herein, Defendant has breached its contractual obligations to repurchase the identified Mortgage Loan from Plaintiff and/or indemnify Plaintiff's losses associated with the Mortgage Loan as required by the Purchase Agreement.

26.  Defendant's continued refusal to honor its contractual obligations to Plaintiff has caused Plaintiff to suffer substantial damage.

27.  Pursuant to the Purchase Agreement, Plaintiff is entitled to recover from Defendant all losses, costs and expense associated with the Mortgage Loan, including all fees, costs and penalties associated therewith, accrued interest thereon, and attorneys' fees and costs incurred by Plaintiff as a result of Defendant's failure to honor its contractual obligations to Plaintiff.

## PRAYER AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered in favor of Plaintiff and against Defendant as follows:

5

(1) For all damages arising from or relating to Defendant's breach of contract;

(2) For recoverable interest at the maximum rate allowed by applicable law;

(3) For all reasonable attorneys fees and costs as provided in the Purchase Agreement;

(4) For such other, further, and/or different relief as this Court deems just and proper.

ATTORNEYS FOR PLAINTIFF

Franklin American Mortgage Company

Mindi C. Robinson (BPR#027649)
SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104
Phone: (334) 396-8882
Fax:    (334) 396-8880
Email: mrobinson@slatenlaw.com

Larry N. Westbrook (BPR#009689)
STELTEMEIER & WESTBROOK, PLLC
3326 Aspen Grove Drive, #604
Franklin, Tennessee 37067
Phone: 615-435-8400
Fax: 615-435-8401
Email: lnw@sandwlaw.com

6

THE DEFENDANT WILL BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

DIRECTORS MORTGAGE, INC.
C/O    David B. Wiles,
          Registered Agent
          510 SW 5th Ave, 6th Floor
          Portland, Oregon  97204

7

# Correspondent Loan Purchase Agreement

This agreement is entered into between Franklin American Mortgage Company (the "Buyer") and __DIRECTORS MORTGAGE INC.__ (the "Seller") as of the date set forth beneath the Buyer's signature on the last page of this Agreement.

The Buyer intends to purchase Mortgage Loans and related servicing rights from the Seller. Therefore, the Buyer and the Seller agree as follows:

## Section 1: DEFINITIONS

**Affiliate**
An entity that directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, another entity. For purposes of this definition, "control", "controlled by", and "under common control with" means the direct or indirect possession of ordinary voting power to elect a majority of the board of directors or comparable body of an entity.

**Agency**
Fannie Mae, Freddie Mac, FHA, HUD, VA, GNMA, and/or a Private Investor, as applicable.

**Agency Guide**
a) Any GNMA and HUD Handbook and Securities Guide
b) The Fannie Mae Selling and Servicing Guides
c) The Freddie Mac Seller's and Servicers' Guides, and/or
d) Any guide or instructions provided from time to time by a Private Investor, in each case as such Agency Guide may be amended from time to time.

**Agreement**
This Correspondent Loan Purchase Agreement and any exhibit to this Agreement.

**Applicable Requirements**
a) The contractual obligations of Seller or Originator (including those contractual obligations contained in the Manual and/or in any of the other Contract Documents, in any agreement with any Insurer, or in any of the Mortgage Loan Documents) for which Seller or Originator was or is responsible.
b) All applicable federal, state, and local legal and regulatory requirements binding upon Seller or Originator.
c) All other applicable requirements and guidelines of each governmental and quasi-governmental agency, board, commission, instrumentality and other governmental body or office having jurisdiction
d) All other applicable judicial and administrative judgments, orders, stipulations, awards, writs, and injunctions.
e) The reasonable and customary mortgage origination and servicing practices of prudent mortgage lending institutions that make and service mortgage loans of the same type as the Mortgage Loans in the jurisdictions in which the related Mortgaged Properties are located.

**Borrower**
Each obligor under a Mortgage Note and/or each person who executes a Mortgage.

**Commitment Confirmation**
Written or electronically transmitted notification provided to the Seller by the Buyer evidencing the Buyer's commitment to purchase the Mortgage Loans specified in said notice in accordance with Applicable Requirements and the provision of the Manual.

**Commitment Date**
The date upon which a Commitment Confirmation becomes effective, as specified in the Commitment Confirmation.

1

EXHIBIT

"A"

| | |
|---|---|
| **Contract Documents** | This Agreement, the Manual, Commitment Confirmations, and any and all other documents, instruments, and materials required by the Buyer in connection therewith, and any and all attachments and exhibits to any and all of the foregoing, and any and all amendments thereof. |
| **Contract Underwriter** | The mortgage insurance company designated as acceptable by the Buyer, to underwrite Mortgage Loans on behalf of the Seller. |
| **Correspondent Programs** | The loan programs, products, and delivery channels for Mortgage Loans offered by the Buyer as specified in the Manual and as modified, added, or deleted by the Buyer from time to time. |
| **Delegated Underwriting Authority** | The authority of the Seller to underwrite Mortgage Loans on behalf of the Buyer under the terms of a Delegated Underwriting Amendment between the Buyer and the Seller. |
| **Early Payment Default** | A Mortgage Loan which becomes ninety (90) days or more delinquent during the first 6 months following the first payment due date on the Mortgage Note. |

**Event of Default** The occurrence of any one or more of the following:

a) Seller fails to perform or observe any of its obligations, covenants, or agreements set forth in any of the Contract Documents for a period of ten (10) business days or more (or three (3) business days with respect to the payment of money) after the date upon which the Buyer gives written notice of such failure to Seller; provided that such Event of Default shall be deemed immediate with respect to any such failure which, in Buyer's sole discretion, is incurable or cannot reasonably be cured within the cure period (said cure period shall not apply to events listed in subsection (b) through (h) hereof.

b) Any representation or warranty made by or on behalf of Seller in any of the Contract Documents shall prove to have been false or incorrect in any material respect at the time it was made.

c) Seller fails to meet any capital, or other financial standard imposed by any Applicable Requirement, any material adverse change occurs in the financial condition of Seller, or Seller fails to provide any information, including information regarding Seller's financial condition, as requested by Buyer.

d) Seller misrepresents or misleads anyone about the obligations of Buyer under this Agreement, misrepresents the relationship between Buyer and Seller, or engages in or aids or abets in fraudulent or deceptive practices.

e) A decree or order of a court or agency or supervisory authority having jurisdiction for the appointment of a trustee conservator, receiver, or liquidator in any bankruptcy, insolvency, readjustment of debt, or similar proceeding, shall have been entered against Seller.

f) Seller admits in writing its inability to pay its debts as they become due, files a petition to take advantage of any applicable insolvency, bankruptcy, or reorganization statute, makes an assignment for the benefits of its creditors or voluntarily suspends payment of its obligations.

g) Seller is placed on any debarment, limited denial of participation, exclusionary, or similar list of any Agency or Seller violates any Applicable Requirement

h) Seller fails to provide reasonable assurances as described in Section 13 hereof.

| | |
|---|---|
| **FHA** | The Federal Housing Administration or any successor. |
| **Fannie Mae** | Fannie Mae or any successor. |

2

| | |
|---|---|
| **Freddie Mac** | The Federal Home Loan Mortgage Corporation or any successor. |
| **GNMA** | The Government National Mortgage Association or any successor. |
| **HUD** | The United States Department of Housing and Urban Development or any successor. |
| **Manual** | The Buyer's online correspondent lending manual. |
| **Mortgage** | A mortgage, deed of trust, or other such security instrument that is executed by a Borrower pledging the Mortgaged Property as security for repayment of a Mortgage Note. |
| **Mortgage Documents** | All documents required by the Manual, applicable law, an Agency, and/or a private mortgage insurer to originate and service a Mortgage Loan and issue a related security. |
| **Mortgage Loan** | A residential mortgage loan to be sold to Buyer by Seller |
| **Mortgage Loan File** | The contents of the file delivered to Buyer by Seller for each Mortgage Loan sold or to be sold by Seller to Buyer. The Mortgage Loan File shall contain the documents enumerated in the Manual and any additional documents required to be added to the Mortgage Loan File pursuant to any other Contract Document, an Applicable Requirement or upon the Buyer's reasonable request. |
| **Mortgage Note** | The written promise of a Borrower to pay a sum of money in United States dollars at a stated interest rate over a specified term, and that is secured by a Mortgage. |
| **Mortgaged Property** | The real property, together with the one-to-four family dwelling and any other improvements situated on such real property, that have been pledged by a Borrower under a Mortgage as collateral to secure the obligation under a related Mortgage Note. |
| **Mortgagor** | The person or persons obligated on the Mortgage as mortgagor(s). |
| **Originator** | With respect to any Mortgage Loan, anyone that took the mortgage loan application, processed the mortgage loan application, closed (or assisted in) the closing of the Mortgage Loan, and/or funded the Mortgage Loan |
| **Private Investor** | Any entity other than Fannie Mae, Freddie Mac, or GNMA that purchases a Mortgage Loan from the Buyer. |
| **Purchase** | The payment by Buyer of the Purchase Price for a Mortgage Loan on the Purchase Date to Seller or Seller's designee, or any other party legally entitled to receive the Purchase Price (including Seller's Warehouse Lender). |
| **Purchase Date** | The date of the Purchase of any Mortgage Loan. |
| **Purchase Price** | The dollar amount agreed to be paid by Buyer to Seller for a Mortgage Loan in accordance with the pricing terms set forth in the Manual, together with any applicable Servicing Release Premium. |
| **Register or Registration** | The act or process of registering a Mortgage Loan with Buyer in accordance with the procedures set forth in the Manual. A Mortgage Loan that is registered may be in a float status or a rate-locked status as provided in the Manual. |
| **Repurchase Price** | An amount equal to the greater of the Purchase Price for the Mortgage Loan paid by the Buyer (including any amount in excess of par paid by Buyer) or the outstanding principal |

3

balance of the Mortgage Note as of the Purchase Date; less the aggregate amount of reductions of the principal balance of the Mortgage Note received by Buyer or Private Investor as of the date of the repurchase; plus any and all interest payable on the outstanding principal balance of the Mortgage Note as of the date of repurchase; plus any and all costs and expenses, including any advances for escrows accounts, costs of foreclosure, reasonable attorneys' fees, and costs (if any) associated with purchasing the Mortgage Loan out of a pool of Mortgage Loans, incurred by Buyer in connection with the Mortgage Loan, the Mortgaged Property, and/or the Mortgagor.

Servicing Release Premium
: The amount to be paid to Seller for the Servicing Rights associated with a Mortgage Loan as specified in writing by Buyer.

Servicing Rights
: With respect to a Mortgage Loan, the right to administer, collect payments, pay taxes and insurance, remit payments, provide foreclosure services, and provide full escrow administration.

Third Party Originator
: Any agent or independent contractor which originates a Mortgage Loan for or on behalf of the Seller. The Seller shall receive the Buyer's written approval before selling Third Party Originator Mortgage Loans to the Buyer.

VA
: The Department of Veterans Affairs, or any successor to the VA.

## Section 2:    Loans Eligible for Purchase

The Seller will offer to sell Mortgage Loans on a service released basis that are: a) closed no more than 60 days before the Purchase Date; b) current: c) without a history of delinquent principal , interest, or escrow payments; d) approved, funded and closed by and in name of the Seller or the Seller's approved Third Party Originator; and e) originated, delivered and serviced in accordance with Agency Guides, the Manual, Applicable Requirements, and any additional Agency and Buyer conditions.

## Section 3:    Purchase and Sale of Mortgage Loans

Buyer and Seller hereby agree to the purchase and sale of Mortgage Loans subject to the terms and conditions of this Agreement, the Manual, and any other Contract Documents. Unless an amendment to the Manual specifically provides that it amends the Manual and this Agreement, if the terms of this Agreement are expressly inconsistent with the terms of the Manual, the terms of this Agreement shall control , whenever possible, however, the terms of this Agreement and the Manual shall be interpreted to be consistent. All Mortgage Loans must have the characteristics specified in the Manual and this Agreement to be eligible for purchase under this Agreement. Each Mortgage Loan shall be sold on a "serviced released basis" meaning that all Servicing Rights are transferred and assigned to Buyer.

## Section 4:    Payment for Mortgage Loans

Buyer will transfer funds to the Seller or its warehouse bank on the Purchase Date. The interest accruing on Mortgage Loans will belong to the Buyer beginning on the funds transfer date. The Seller will return any purchase price overpayment to the Buyer within fifteen (15) days after discovering such overpayment.

## Section 5:    Delivery of Documents

The Seller will deliver each Mortgage Loan, including the Mortgage Note and the Mortgage Documents, by the expiration date as noted on the Commitment Confirmation. The Seller will, no later than 180 days after the Purchase Date, perfect title to each Mortgage Loan in Buyer's name, and assign and deliver the trailing

4

Mortgage Documents on a flow basis. The Mortgage Documents must be reasonably acceptable to Buyer. If any Mortgage Document remains outstanding for more than 270 days from the closing, the Buyer may, upon prior written notice, enter the Seller's premises during normal business hours and retrieve Mortgage Loan Documents and files.

## Section 6:   Seller's Representations as to Mortgage Loans

At all times the Seller makes the following representations and warranties:

6.1    **Proper Servicing:** If a Mortgage Loan was serviced before the Buyer's purchase, the Mortgage Loan was serviced in accordance within Agency requirements and Applicable Requirements.

6.2    **Complies With Agency Requirements:** There is no fact or circumstance with respect to the Mortgage Loan that would entitle: a) an Agency to demand repurchase of a Mortgage Loan; b) an Agency or insurer to deny or reduce benefits under an insurance policy or guarantee; c) a third party, including but not limited to, an Agency and/or insurer, to claim indemnification or damages; or d) an Agency or other party deem a Mortgage Loan to be ineligible for a Pool. Each Mortgage Loan complies with the Agency Guide. The Seller is not now and has not within the last 24 months been subject to any administrative sanction imposed by an Agency.

6.3    **Valid Obligation and First Lien:** Each Mortgage Note and related Mortgage are genuine and legally enforceable. The Mortgage is a valid and existing first lien on the Mortgaged Property, with the exception of any encumbrances or liens acceptable to the Agency. The Mortgage Loan is not subject to any right of rescission or other defense. There are no mechanic's liens or similar liens or claim that has been filed for work, labor, or material affecting the Mortgaged Property, which is or may be a lien prior to, or equal with, the lien of the Mortgage.

6.4    **No Person or Mortgage Released:** No Borrower has been released from the original Mortgage Loan, and no part of the Mortgaged Property has been released from the Mortgage.

6.5    **Loans Comply With the Law:** Each Mortgage Loan was originated and serviced in compliance with the Agency Guide, the Manual and applicable law, including consumer protection statutes and regulations.

6.6    **Title Insurance:** A title insurance policy has been issued for each Mortgage Loan insuring the Seller, its successors and assigns, in an amount no less than the outstanding Mortgage Loan principal balance. Such policy will be with a carrier and on a form acceptable to the Agency and the Buyer.

6.7    **Mortgaged Property in Good Condition:** The Mortgaged Property is not damaged, condemned, or subject to any proceeding which may materially reduce its value. There has been no release of hazardous substances at, from, or under the Mortgaged Property.

6.8    **Surveys:** If required, the Mortgaged Property has a survey satisfactory to the Agency and the Buyer.

6.9    **No Violation of Zoning Law:** The Mortgaged Property complies with all zoning laws and inspection, license, and certificate requirements.

6.10    **Proceeds fully disbursed:** All Mortgage Loan proceeds have been disbursed and there are no requirements for future proceeds. The Seller has paid all expenses for making the Mortgage Loan, including mortgage insurance premiums, VA funding fees, and private mortgage insurance.

6.11    **Due On Sale:** Unless prohibited by law, each Mortgage contains an enforceable due on sale provision.

6.12    **Hazard and Flood Insurance:** The Mortgaged Property has a hazard insurance policy acceptable to the Agency and the Buyer. The policy amount is the lesser of the Mortgage Loan's principal balance or the fully insurable value of the Mortgaged property's improvements. If required by law, the Mortgaged Property has a flood insurance policy

5

which is the lesser of the Mortgaged Loan's principal balance or the maximum insurance available under such law.

6.13    Appraisals: Each Mortgaged Property has an appraisal complying with the Manual, the Agency Guide, and applicable law.

6.14    Mortgaged Property: Each Mortgaged Property is a single parcel of real property with a detached one-to-four family dwelling, a townhouse, an individual condominium unit in a development, or an individual unit in a planned unit development.

6.15    Assign Mortgage Loans to the Buyer: The Seller is the sole owner of the Mortgage Loan and has the authority to assign it to the Buyer. The Seller has not transferred the Mortgage Loan to any other person, and the assignment is free and clear of any claim. Each Mortgage Loan will be assigned to the Buyer by endorsement of the Mortgage Note and a valid recorded assignment of the Mortgage to a party designated by the Buyer, or via the MERS system.

6.16    Tax Service Contracts: For each Mortgage Loan, the Seller has paid, by means of net funding the tax service fees, as negotiated by the Buyer, for a "life of loan" transferable contract.

6.17    Flood Certification and Tracking Services: Each Mortgage Loan has an "initial" flood certification.

6.18    Seller's Statements are True and Correct: None of the Seller's statements to Buyer contain any untrue or incomplete material fact.

6.19    Fraud: No Mortgage has been originated through any type of fraud or deceit.

6.20    PMI: Each Mortgage Loan required to have private mortgage insurance has a policy that a) complies with the Agency Guide and the Manual; and b) is issued by an insurer acceptable to the Agency and the Buyer. The Seller has paid all premiums due under such policy through the date of disbursement.

6.21    FHA and VA Guaranty: Each Mortgage Loan to be insured by FHA is eligible for FHA insurance and the Seller has paid all such premiums within the 15 days after closing. Each Mortgage Loan to be guaranteed by the VA is eligible for a VA guaranty and the Seller has paid the VA guaranty fee to the VA.

Buyer's rights and remedies with respect to any breach of any of the representations and warranties of Seller will survive delivery and Purchase of any Mortgage Loan and the termination or expiration of this Agreement and the other Contract Documents.

**Section 7:**      **General Representations and Warranties**

At all times Buyer and Seller represents to the other that:

7.1    Duly Organized: It is duly organized, validly existing, and in good standing under applicable law, and has the authority to enter into this Agreement and any other related agreements.

7.2    Agreement is Duly Authorized: It has authority to enter into and perform its obligations under this Agreement. This Agreement is valid and legally binding.

7.3    Licenses and Approvals: The Seller has obtained all licenses and approvals from regulatory or other government authorities necessary to originate and sell Mortgage Loans under this Agreement.

**Section 8:**      **Mortgage Loan Repurchases**

Seller agrees to repurchase one or more Mortgage Loans from Buyer, upon terms and conditions hereinafter set forth, in the event that:

6

a) Any representation or warranty of Seller with respect to the Mortgage Loan is determined by Buyer to have been false or any other Event of Default with respect to the Mortgage Loan shall have occurred;

b) Buyer is required to repurchase the Mortgage Loan after it has been sold to an Agency or a Private Investor due to a deficiency in or omission with respect to any documents, instrument, or agreement pertaining to the Mortgage Loan or because of any other defect which existed on or before purchase of the Mortgage Loan by Buyer or which arose after purchase as a result of an occurrence or omission on or before the purchase;

c) A Mortgage Loan underwritten by the Seller, or by any Contract Underwriter, fails to satisfy the Buyer's underwriting or eligibility requirements as determined by the Buyer;

d) An Early Payment Default occurs on any FHA or VA Mortgage Loan underwritten by the Seller.

e) Seller fails to deliver to Buyer the documentation with respect to the Mortgage Loan required by Buyer under the Contract Documents within the time period established by Buyer;

f) A post-closing quality control review by Buyer, Agency, or Private Investor discloses any material fraud or misrepresentation;—

g) The Seller fails to obtain FHA insurance, VA guaranty, or private mortgage insurance, as applicable, or such insurance or guaranty lapses as a result of any act or failure to act by Seller.

Any such repurchase shall occur within thirty (30) business days after written demand by Buyer and shall be accomplished by wire transfer from Seller to Buyer of immediately available funds in an amount equal

Purchase Price of the Mortgage Loan, an implied Service Released Premium of 1.5% will be reimbursed by Seller to Buyer in addition to buy price premium above par and/or any other pricing enhancements paid by Buyer to Seller.

If any Mortgage Loan is reduced in principal amount by at least 15% of original principal balance within the first 60 days following the Purchase Date, Seller will reimburse to Buyer any related Service Released Premium, buy-price premium above par and/or any other pricing enhancements paid by Buyer to Seller on that amount of principal that is reduced.

## Section 15:    Financial Statements

On the date of this Agreement and each year thereafter, Seller will provide to Buyer either: a) a fiscal year-end audited financial statement; or if applicable, b) a copy of the Seller's call report submitted to the Federal Home Loan Bank Board. Additionally, the Seller shall immediately advise Buyer of any material change in Seller's circumstances, financial or otherwise, including but not limited to, a change in Seller's ownership.

## Section 16:    Termination

16.1    Without Cause: Either Buyer or Seller may terminate this Agreement without cause upon 15 calendar days prior written notice. In the event of such termination, Seller shall nevertheless deliver to Buyer for purchase all Mortgage Loans which have been registered. Such termination shall not affect Seller's duties and obligations with regards to any Mortgage Loans purchased by Buyer prior to the date of termination.

16.2    Upon Event of Default: Upon the occurrence of an Event of Default, Buyer may immediately terminate this Agreement without any liability whatsoever to Seller or any other person or entity for claims, losses, expenses, costs, obligations and liabilities arising directly or indirectly therefrom. In the event of termination pursuant to this Section, Buyer may, at its option, and in addition to any other rights and remedies it might have; terminate any or all outstanding Registrations and Commitment Confirmations with Seller and be released from any and all obligations to purchase Mortgage Loans.

## Section 17:    Assignment

Buyer shall have the right to assign its rights and duties under the Contract Documents to any party without the consent of Seller. Buyer shall notify Seller in writing of any such assignment. Seller shall have no right

Section 18:    Amendment

### Section 20:    Governing Law/Venue

This Agreement shall be construed in accordance with and governed by the laws of the State of Tennessee without regard to conflict of law principles. Each party hereto submits to the jurisdiction of the courts of such state and waives any objection to venue with respect to actions brought in any such courts or in federal courts located in such state. Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement or the other Contract Documents may be brought against any of the parties in the courts of the State of Tennessee and each of the parties consents to the jurisdiction of such courts (and the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein.

### Section 21    Attorney's Fees

If Seller or Buyer should breach or fail to perform any provision of this Agreement, or another Contract Document, the defaulting party shall pay all costs and expenses, including court costs and reasonable attorneys' fees incurred by the other party.

### Section 22    No Agency or Joint Venture Created

Nothing in this Agreement will cause or create an agency, partnership or joint venture between Buyer and Seller.

### Section 23    Disclosure of Information

Seller understands, agrees, and accepts that Buyer has the right and obligation to report instances of Seller misstatement, misrepresentation, and omission of material facts in connection with any Mortgage Loan File or of Seller knowingly assisting a Borrower to do the same.

### Section 24    Wiring Instructions

To execute the purchase of Mortgage Loans per the terms of this agreement, Buyer shall transmit wired funds to the following bank, routing number, and account number, as provided by the Seller:

Depository Name        *CITI BANK*

Address:               *111 WALL STREET*

City, State, Zip:      *NEW YORK, NY   10043*

ABA Number:

Account Number:

Any subsequent changes to these wiring instructions must be made in writing from Seller to Buyer, and such notice must be executed by an officer of Seller.

### Section 24    Notices

All notices to Buyer will be in writing and delivered personally, transmitted by fax, mailed by registered or certified mail with return receipt requested, or sent by commercial overnight courier. All notices sent to Buyer shall be sent to the following:

10

Keith Mills
Executive Vice President
Franklin American Mortgage Company
501 Corporate Centre Drive, Suite 400
Franklin, TN 37067

Or to any other address provided in writing by one party to the other.


**AGREED TO AND ACCEPTED BY:**

Franklin American Mortgage Company

By: _____
(Signature of authorized officer)

___Keith Mills, EVP_____
(Printed name and title of officer)

_____6/20/07_____
(Date)



**AGREED TO AND ACCEPTED BY:**

[Seller]

By: _____
(Signature of authorized officer)

MARK J. HANNA / PRESIDENT / CEO
(Printed name and title of officer)

5-14-2007
(Date)


Rev. 2/07


11

WIRE INSTRUCTIONS

Investors Wire for Purchase Advice

Citi Bank, N4
ABA #
Acct. #
New York, NY
First Collateral Services/Directors Mtg. #1197
Name of Borrower, Loan #


Return Wires from Escrow/Title Company

Union Bank of California
ABA # 1
Acct. # 6
San Francisco, CA
First Collateral Services/Directors Mtg. #1197
Name of Borrower, Loan #